**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Attia Elbadawy,<br><br>Plaintiff,<br>v.<br><br>Dorchester County and John Does 1-100,<br><br>Defendants. | Case No. 2:25-cv-12142-RMG<br><br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that the Court grant Defendant Dorchester County's motion to dismiss and deny Plaintiff's two motions for injunctive relief as moot. (Dkt. No. 33). Plaintiff, acting pro se, has filed objections to the R&R. (Dkt. No. 37). The matter is fully briefed and is ripe for disposition.

**I. Factual Background:**

This action arises from a much litigated matter between Plaintiff and Defendant Dorchester County relating to a dispute over the ownership of a road known as Wise Lane. Plaintiff, who owns land adjacent to Wise Lane, asserts that the road is on land owned by him. Dorchester County asserts that Wise Lane is a public road owned by the County. Plaintiff's first suit was brought in state court and was dismissed for failure to effectuate service. *Elbadawy v. Dorchester County,* 2024-CP-18-01458 (S.C. Cir. Ct. April 14, 2025). Plaintiff filed a second state court suit against Dorchester County on July 3, 2025, asserting that the county "falsely claimed . . . that Wise Lane was a public road or otherwise under county jurisdiction." (Dkt. No. 17-2 at 6). Plaintiff sought as a remedy a declaration that he owned Wise Lane and an injunction preventing Dorchester County from "asserting any claim or interfering with Plaintiff's use of the property." (*Id.* at 7).

After temporary injunctive relief was denied, Plaintiff filed an appeal to the South Carolina Court of Appeals, where the matter is now pending. *Elbadawy v. Dorchester County*, 2025-CP-18-01527 (S.C. Cir. Ct. May 7, 2025).

Plaintiff filed this third lawsuit against Dorchester County in this Court on September 4, 2025, asserting claims under 42 U.S.C. § 1983 against Dorchester County. Plaintiff asserted §1983 based causes of action for due process, equal protection, takings, unlawful seizure, first amendment retaliation, and various state law claims. (Dkt. No. 1). Dorchester County moved to dismiss the federal court action on various grounds, including Rooker Feldman, Younger Abstention, failure to allege a constitutional violation arising out of a municipal policy or custom, and failure to state a claim upon which relief could be granted. (Dkt. No. 17).

In response to Dorchester County's argument that Plaintiff had failed to identify any unconstitutional policy or custom of the County, Plaintiff argued in a brief presented to the Magistrate Judge that the Dorchester County Council acted on September 2, 2025, to "treat[] Wise Lane and Wise Road as part of the county maintenance system or public road system" and that this act "is an official policy . . . for Monell purposes." (Dkt. No. 25 at 8). Plaintiff asserted that "[a] county council vote is not a random act by a low-level employee. It is municipal action. If that action deprived Plaintiff of due process, equal protection, property rights, or just compensation, Dorchester County may be liable under §1983." (*Id*. at 9).[1]

---

[1] Plaintiff did not expressly reference the September 2, 2025, Dorchester County Council action as the basis of his municipal policy argument in his complaint and raised it for the first time in response to Dorchester County's motion to dismiss. Since Plaintiff could amend his complaint at this stage of the litigation to add this detail, the Court elects to address the motion to dismiss as if the September 2, 2025, County Council action was alleged in the complaint.

The official minutes of the Dorchester County Council of September 2, 2025, state that the Council voted unanimously "to approve acceptance into its road maintenance system the dedicated fifty-foot-right-of-way of Wise Road, also known as Wise Lane, beginning as its intersection with Weir Lane and running westerly to its terminus at TMS# 134-00-00-039." Dorchester County, South Carolina Website, County Council, Minutes and Agendas, September 2, 2025.[2]

The Magistrate Judge, in a comprehensive R&R, recommended that the Court grant Dorchester County's motion to dismiss on a variety of separate and independent grounds, including that Plaintiff's suit is barred by the Rooker Feldman and Younger Abstention Doctrines, Plaintiff's §1983 claim fails to set forth an unconstitutional policy or custom of the County as required by *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), and Plaintiff fails to state a claim upon which relief can be granted. (Dkt. No. 33). The Magistrate Judge further recommended that the Court decline to exercise its supplemental jurisdiction over Plaintiff's state law claims and to dismiss this action. (Dkt. No. 33 at 9-26). Last, the Magistrate Judge recommended that Plaintiff's two motions for preliminary injunctive relief be denied as moot. Plaintiff filed voluminous objections to the R & R—fifteen in total—and supplemented his objections with over 500 pages of documents. (Dkt. No. 37).

## II. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

---

[2] The Court takes judicial notice of this official action of the Dorchester County Government.

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

**B. Pro Se Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

**III. Discussion**

The Court elects to address singularly the issue of whether Plaintiff has met the threshold requirement of a claim of municipal liability under §1983—namely, that the challenged governmental action constitutes a policy or custom of the governmental entity. If Plaintiff cannot meet this threshold requirement for asserting municipal liability under §1983, his claims against Dorchester County fail as a matter of law, making it unnecessary for the Court to address the abstention and Rule 12(b)(6) issues.

A municipality, which includes a county government, cannot be held liable under respondeat superior principles for alleged constitutional violations of its employees. Instead, to hold a municipality liable under §1983, the alleged unconstitutional act must be made pursuant to a government policy or custom. *Monell*, 436 U.S. at 692-94. A governmental policy can be found in written documents, such as municipal ordinances or regulations, and in formal or informal " 'policy' choices or decisions" of municipal officials authorized to make municipal policy. *Spell v. McDaniel*, 824 F.2d 1380, 1385-86 (4th Cir. 1987). A " '[p]olicy' in this context implies most obviously and narrowly a 'course of conduct consciously chosen from among various alternatives' respecting basic government functions, as opposed to episodic exercises of discretion in the operational details of government." *Id.* at 1386 (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)). A municipal policy involves the setting and implementing of goals and programs of government "as opposed to discretionary authority in purely operational aspects of government. *Id.* As the Fifth Circuit observed in *Bennet v. Slidell*, 728 F.2d 762, 769 (5th Cir. 1984) (en banc), "policymaking authority is more than discretion" or a "final say-so, as a matter of practice, on what water main will be replaced today and whether a building meets city construction standards." *See Spell*, 824 F.2d at 1386 (citing *Bennet*, 728 F.2d at 769). Last, municipal liability can be based on a single decision by a municipal policymaker so long as the challenged action is intended to "establish fixed plans of action to be followed under similar circumstances consistently and over time." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986).

Plaintiff has failed to identify any allegedly unconstitutional County policy or custom related to his dispute with Dorchester County to support his §1983 municipality liability claim. He belatedly points to an action by the Dorchester County Council to accept Wise Lane into the County's existing road maintenance system. This action by the County Council, certainly within

its authority to act for the County, is a classic example of an "episodic exercise[] of discretion in the operational details of government" and does not remotely meet the standard for establishing an official governmental policy or custom. *Spell*, 824 F.2d at 1386. Indeed, the mere inclusion in the County's road maintenance system of a fifty foot right of way, the sole action taken by County Council on September 2, 2025, is analogous to a municipality's discretionary decision to replace a water main or enforce an existing governmental construction standard—actions referenced in *Bennett v. Slidell* as examples of what is *not* a municipal policy under *Monell*.

The Court finds that Plaintiff has failed to identify any municipal policy or custom that meets the threshold standard for a municipal policy under *Monell* and its progeny. Consequently, the Court grants Dorchester County's motion to dismiss on the *Monell* issue alone. The Court finds it unnecessary to address and does not rule upon the remaining issues recommended to the Court in the R&R. The Court concurs in the Magistrate Judge's recommendation that the Court not exercise its supplemental jurisdiction over the state common law claims and deny Plaintiff's motions for preliminary injunctive relief as moot. The Court also dismisses the John Doe claims because no individual defendants have been identified or their alleged unconstitutional acts set forth in Plaintiff's complaint.

## IV. Conclusion

For the foregoing reasons, the Court (1) **ADOPTS** pages 1-5 and 15-19 of the R &R (Dkt. No.33) as the Order of the Court, as further elaborated on in this Order; (2) **DISMISSES** with prejudice all federal claims asserted against Dorchester County; (3) **DECLINES** to exercise the Court's supplemental jurisdiction over the state law claims and dismisses them without prejudice; (4) **DISMISSES** the John Doe claims without prejudice; (5) **DENIES** Plaintiff's Motion for

Preliminary Injunction (Dkt. No. 21) and Emergency Motion to Preserve the Status Quo, etc. (Dkt. No. 30) as moot; and (6) **DISMISSES** this action for lack of federal jurisdiction.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 17, 2026
Charleston, South Carolina